No. 21059.

THE PEOPLE OF THE STATE OF COLORADO, AND NEIL TASHER,
INHERITANCE TAX COMMISSIONER, *v.* LOIS C. FARICY,
EXECUTRIX OF THE ESTATE OF ROBERT S. FARICY, DECEASED.

(395 P.2d 822)

Decided September 21, 1964.     Rehearing denied November 2, 1964.

Mr. DUKE W. DUNBAR, Attorney General, Mr. R. ROB-
ERT IRWIN, JR., Assistant, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This controversy involves the legality of an assessment of inheritance tax in the estate of Robert S. Faricy, deceased. Defendant in error, as executrix of said estate, filed objections to the Report of the Inheritance Tax Commissioner, insofar as it sought to collect an inheritance tax on the proceeds of four insurance policies totalling $24,827.11. The executrix, who is the surviving wife of deceased, was named beneficiary in each of said policies. The trial court sustained her objections and the commissioner seeks review of that judgment by writ of error.

The Inheritance Tax Commissioner asserts that the proceeds of these policies are subject to the payment of inheritance tax under the provisions of C.R.S. 1953, 138-4-9, for the reason that all of the policies were assigned to the Pueblo Savings and Trust Company on October 27, 1955, as collateral security for a loan and for loans to be made thereafter. Various loans were made by said company to the deceased and his wife after the assignments were made, but the loan balance did not exceed the sum of $6,000.00 at any time. Robert S. Faricy died April 17, 1961. Prior thereto, on September 12, 1960, he and his wife executed a promissory note to the Pueblo Savings and Trust Company for the sum of $1,500.00 and at the time of his death this amount was the only debt owing to the company by the deceased and his wife.

As provided by the terms of the collateral security agreement (the assignments hereinabove mentioned) the proceeds of all four insurance policies were paid to the Pueblo Savings and Trust Company. The company applied $1,553.40 of the money thus reecived to payment of the above mentioned note and accrued interest, and remitted the balance of $23,273.71 to the surviving wife.

The tax commissioner relies on that portion of C.R.S. '53, 138-4-9, which reads as follows:

"Proceeds of insurance policies on the life of a decedent payable in such manner as to be subject to the claims against his estate or to distribution as a part thereof shall be taxable."

Said statute exempts $75,000.00 of life insurance from payment of inheritance taxes but this exemption "* * * shall not apply to the proceeds of any insurance policies which are taxable under the provisions * * *" of the portions of the statute first above quoted.

In determining the deductions from the gross estate which were allowable on account of debts, claims, and expenses of administration, the indebtedness of the deceased to the Pueblo Savings and Trust Company in the sum of $1,553.40 was not included. Thus an inheritance tax has actually been paid on an estate the net value of which was increased by that amount because no claim for deduction thereof as an indebtedness of the estate was made.

It is argued on behalf of the tax commissioner that the opinion of this court in *People ex rel. Dunbar v. Mason,* 144 Colo. 151, 356 P.2d 257, requires that the judgment of the trial court should be reversed and the asssessment of the tax upon the proceeds from all four insurance policies be upheld. In *People v. Mason,* supra, the decedent was indebted to a Fort Collins corporation in an amount in excess of $58,000.00. The corporation was named beneficiary in a life insurance policy in the amount of $10,000.00 issued on the life of decedent. To the extent of the indebtedness of the insured the beneficiary could not be changed. In that case the tax commissioner successfully argued that because $10,000.00 of the $58,000.00 indebtedness of decedent was paid by the $10,000.00 insurance policy, the proceeds of said policy were taxable under the above quoted statute. The argument of the tax commissioner in that case appears in part in this court's opinion as follows:

"In urging reversal, the Commissioner argues that either the $10,000.00 is includable in the estate of the

decedent, in which case the $58,000.00 would be a valid deduction, or in the alternative, if the $10,000.00 is not includable nevertheless the deduction from the gross estate of $58,000.00, the amount of the debt, would as a result of this payment be reduced to $48,000.00, thus having the same legal consequences as inclusion."

The facts in the instant case are not comparable to those in the *Mason* case. Several distinctions might be made, but we deem it sufficient to direct attention to the following controlling difference in the two cases. In the *Mason* case the entire debt of $58,000.00 was allowed as a deduction in determining the net value of the estate subject to imposition of the inheritance tax, whereas the debt secured by the policies here in question did not reduce the taxable estate and accordingly an inheritance tax has already been paid upon any "proceeds of insurance policies on the life of a decedent payable in such manner as to be subject to the claims against his estate. * * *"

The manifest intent of the legislature in adopting C.R.S. '53, 138-4-9 was to permit a named beneficiary to receive the proceeds of insurance policies on the life of a deceased unless the proceeds thereof exceeded the sum of $75,000.00, and in the instant case the total of all policies on the life of the deceased was less than that amount. The facts of the instant case are clearly distinguishable from those existing in *People v. Mason*, supra, and are not such as to warrant the tax liability contended for by the commissioner.

The judgment is affirmed.